

BC

KG

**United States District Court**
**for the Northern District of Illinois**

| | |
|---|---|
| Kimberly Jean Brown | |
| v. | 20-cv-04893 |
| Michelle Montgomery, et al | Judge Sara L. Ellis |

**PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT PURSUANT TO RULE 60(b)**

NOW COMES Kimberly Jean Brown, Plaintiff, on the 29th day of July 2024, respectfully requesting the Court reverse its dismissal of her Second Amended Complaint pursuant to Fed. R. Civ. Pro Rule 60(b).

Brown filed a Rule 59 motion which the Court denied on July, 2, 2024. The Court held that Brown failed to demonstrate "that there is newly discovered information that was not previously available and that is relevant to her claims." *July 2, 2024 Order*. Brown interprets this as Brown: 1) failed to show how the newly discovered evidence is relevant to Brown's claims, and 2) failed to show that the newly discovered information was not previously available. Brown is filing this motion to provide additional context to the newly discovered evidence and to request the Court set aside its dismissal of this matter.

**AUTHORITY**

Federal Rules of Civil Procedure Rule 60(b) provides:
   "A court may relieve a party or its legal representative from a final judgement order, or proceeding for the following reasons:
      1) Mistake, inadvertence, suprise, or exclusable neglect,
      2) Newly discovered evidence that with reasonable diligence, could not have been discovered…"

**STATEMENT OF FACTS**

The underlying context of this case is a software-as-a-service company Brown founded and managed ("Legacy"). Defendants Montgomery, Goldston and Williams each represent one of Legacy's two owners ("Investor") in different capacities. Defendant Montgomery is Investor's attorney, Defendant Goldston is Investor's business manager and Defendant Williams is Investor's financial advisor.

The Investor hired Defendant Montgomery to convert his equity interest in Legacy into debt financing. However, the equity to debt conversion never happened and, as a result, Legacy failed to launch the software it created. Defendant Montgomery's refusal to convert the investor's equity to debt on reasonable terms caused Legacy's owners to lose their entire investment. Defendant Montgomery's client, Investor, lost $125,000.

Brown has maintained that Montgomery's actions with respect to Legacy were not justified and were intended to cause Legacy to fail. However, Brown did not understand why Defendant Montgomery or the other Defendants would counsel their client to take steps that would cause their client to lose his investment. Not knowing the Defendants' justification for their actions prevented Brown from fully asserting her claims.

Following Legacy's completed software failing to launch, false rumors circulated about Brown that destroyed Brown's reputation. In addition, Brown experienced physical threats to her safety and cyber breaches on her devices.

In 2020, in an attempt to clear her name, Brown filed a request for investigation into Brown's own actions as well as Defendant Montgomery's actions, with respect to Legacy, with the Illinois Attorney and Registration Disciplinary Commission. Since Defendant Montgomery is

2

a hearing officer for IARDC, the IARDC set strict rules for the investigation. The IARDC instructed Brown and Montgomery to limit their correspondence to the hearing officer assigned to the investigation.

In Montgomery's response to the IARDC, Montgomery asserted more than one dozen false statements. Moreover, Montgomery ignored the IARDC's instructions to send her response only to the assigned hearing officer. Instead, Montgomery boldly copied two unauthorized individuals on her response to the IARDC.

Brown acknowledged that Montgomery's IARDC Response is privileged with respect to Montgomery transmitting her IARDC Response to the assigned hearing officer. However, Brown asserts that Montgomery defamed Brown by copying her IARDC Response, along with the false statements it contained, to two unauthorized individuals who were not assigned to the investigation, thereby publishing the false statements to third parties.

In addition, Brown asserts that Montgomery forwarded her IARDC Response to additional unauthorized third parties, including but not limited to, Defendants Williams and Goldston. Brown further asserts that Defendants Williams and Goldston, knowing that Montgomery's IARDC Response included false statements, forwarded Montgomery's IARDC Response to other third parties thereby publishing the false statements.

On, March 22, 2024, this Court held that Brown does not have a claim against the Defendants and dismissed Brown's complaint.

**NEWLY DISCOVERED EVIDENCE IS RELEVANT TO EXISTING CLAIMS**

In October 2023, while awaiting a ruling on Defendants' motion to dismiss, Brown learned that Legacy's software had been conveyed to a third party without authorization and is currently being operated as TrustandWill.com. As set forth in Brown's Rule 59 Motion, extraordinary steps were taken to prevent Brown from discovering the unauthorized conveyance. Based on the new evidence, Brown believes that Defendants took part in conveying Legacy's software to TrustandWill.com and concealing the conveyance from Ms. Brown.

The unauthorized conveyance of Legacy's software gives context to the Defendants' actions. Brown believes the unauthorized conveyance explains why Defendant Montgomery refused to have the Investor execute the equity-to-debt conversion documents that Brown repeatedly sent to Defendant Montgomery. It also explains why Defendant Montgomery is dismissive of the fact that her actions caused her client to lose his $125,000 investment.

In addition, the newly discovered evidence gives context to Brown's claims in this matter. The newly discovered evidence is conclusive that Montgomery knew that several of the false statements she made in her IARDC Response were false. Moreover, the newly discovered evidence proves several false statements are objectively verifiable, which is cited as a defect in Brown's defamation claim.

The false statements in Montgomery's IARDC Response are vicious and clearly designed to attack Brown's character and fitness. Furthermore, Montgomery was so comfortable asserting the false statements about Brown that she blatantly disregarded the IARDC's explicit instructions and copied two unauthorized individuals on her IARDC

4

Response. Brown believes the comfort level that Montgomery demonstrated in making the false statements in her IARDC Response indicates that Montgomery had made false statements previously, possibly during and following the fraudulent conveyance of Legacy's software.

Since Brown has shown how the newly discovered evidence is relevant to Brown's claims, Brown respectfully requests the Court reverse its ruling in this matter.

**NEWLY DISCOVERED EVIDENCE WAS NOT PREVIOUSLY AVAILABLE**

The Courts held that Brown failed to show that newly discovered information was not previously available. However, the newly discovered evidence was not previously available to Brown. For the four years this case has been pending, Brown has taken significant steps to acquire new evidence to add context to Defendant's actions. However, the Court has not allowed Brown to conduct discovery.

The parties agreed to a temporary stay in January 2021. *Dkt Item 30.* The Court entered the temporary stay on discovery in January 2021. *Dkt Item 31*. However, the stay was never lifted. In March 2023, Brown's attorney filed a motion to lift the stay on discovery. *Dkt Item 96.* However, the Court did not rule on Brown's motion to lift the stay prior to dismissing the case in March 2024. It is likely that Brown would have become privy to the newly discovered evidence earlier if discovery had been allowed. Brown should not be penalized for the timing of new evidence which Brown acquired without the aid of discovery.

For this reason, Brown respectfully requests the Court reverse its ruling in this matter.

**MISTAKE**

Brown, who is currently acting pro se, is unclear if the Court's July 2, 2024 motion holds that Brown should have asserted the newly discovered evidence at some earlier point. If that is the Court's ruling, Brown begs the Court's forgiveness for the inadvertent mistake.

Brown immediately notified her attorneys when she acquired the newly discovered evidence. Brown assumes that her attorney did not take steps to incorporate the newly discovered evidence because there were two motions before the Court that were pending a ruling: the Defendants' motion to dismiss had been pending a ruling since July 2022, and Brown's motion to lift the stay on discovery had been pending a ruling since March 2023. Brown does not believe that her attorney withheld the newly discovered evidence for a strategic reason.

Brown begs the Court's forgiveness if the newly discovered evidence should have been introduced earlier and it was not. Brown requests the Court finds that it was an inadvertent mistake and reverses its ruling.

**CONCLUSION**

For the reasons set forth herein, Brown respectfully requests the Court reverse its dismissal of this matter.

> Respectfully Submitted on July 29, 2024
> /s/ Kimberly Jean Brown
> Kimberly Jean Brown
> Plaintiff, pro se
> 1026 E. 46th St, Unit 2E
> Chicago, Il 60653
> (773) 673-0324
> Kim@PrivacyGladiators.com