---

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

---

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2025[*]
Decided December 18, 2025

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 25-1220

| | |
|---|---|
| KIMBERLY JEAN BROWN,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:20-cv-04893 |
| MICHELLE MONTGOMERY, et al.,<br>    *Defendants-Appellees*. | Sara L. Ellis,<br>*Judge*. |

## O R D E R

After her business failed, Kimberly Brown sued several parties she blamed for its failure asserting various state-law tort claims in federal court. When the district judge ordered jurisdictional discovery to determine whether the court had subject-matter

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

jurisdiction, *see* 28 U.S.C. § 1332, Brown refused to comply. The judge dismissed her claims with prejudice as a litigation sanction. We affirm.

Brown is an attorney licensed in Illinois who sought to build an estate-planning company. In August 2020, Brown sued a number of her business associates and some of their employers for various state-law torts relating to her business's failure and alleged defamation. In her complaint, Brown asserted that she was a citizen of North Carolina and that all defendants were citizens of either Illinois or California. Because of the litigants' alleged complete diversity, the district judge believed that the court had subject-matter jurisdiction under § 1332. The judge reviewed the case on the merits and granted the defendants' motions to dismiss for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6).

Brown appealed, but while the appeal was pending, she filed a motion to vacate the judgment for lack of subject-matter jurisdiction. She explained that in an unrelated case, a different district judge determined that as of September 2020, she was a citizen of Illinois. We affirmed the judgment in that case while the defendants' motion to dismiss in this case was pending. *Brown v. Gartner*, No. 23-1780, 2023 WL 8827633 (7th Cir. Dec. 21, 2023). We then remanded this case to permit the judge to determine whether the court had subject-matter jurisdiction when she dismissed Brown's complaint on the merits. *Brown v. Montgomery*, No. 24-2328 (7th Cir. Oct. 2, 2024) (order remanding for discovery).

The judge set a discovery schedule, including a date by which Brown was required to respond to the defendants' interrogatories, which sought information regarding where she lived, owned property, and was registered to vote at the time she filed this suit. Brown responded to the interrogatories with objections and refused to provide the relevant information. The defendants filed a motion to compel, and the judge scheduled a case conference. At the conference, the judge explained to Brown that she must respond to the interrogatories and could not merely object. The judge extended the deadline but warned Brown that she would not get any more time to respond.

Brown again failed to respond to the interrogatories. Seven days after the deadline passed, the defendants filed another motion to compel, and the judge held another case conference. Brown explained that she had contacted the defendants four days after the deadline to set a meeting at which she planned to request more time to provide her responses but that the defendants did not agree to meet with her. Brown would not explain why she failed to either respond to the interrogatories or request an

extension by the deadline. The judge sanctioned Brown for failing to comply with discovery orders by dismissing her claims with prejudice.

Brown contends that the judge erred by imposing discovery sanctions without subject-matter jurisdiction. We disagree. Federal judges have jurisdiction to determine their own jurisdiction. *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024). Jurisdictional discovery is an essential exercise of that jurisdiction. *See, e.g., Craig v. Ontario Corp.*, 543 F.3d 872, 876–77 (7th Cir. 2008). And even when judges ultimately conclude that they do not have subject-matter jurisdiction over a case, they maintain authority to sanction parties for their conduct during jurisdictional discovery. *Am. Nat'l Bank & Tr. Co. of Chi. v. Equitable Life Assurance Soc'y of the U.S.*, 406 F.3d 867, 881 (7th Cir. 2005). The judge had jurisdiction to order jurisdictional discovery and to sanction Brown for refusing to comply.

Brown also asserts that the judge erred by ordering discovery because under principles of collateral estoppel, our decision in *Brown v. Gartner* required the judge to conclude that Brown was a citizen of Illinois, so the court lacked subject-matter jurisdiction. Collateral estoppel prevents parties from relitigating identical issues that were "actually and necessarily determined" in a prior suit. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Our Country Home Enters., Inc. v. Comm'r*, 855 F.3d 773, 782 (7th Cir. 2017). But, save for exceptions not present here, collateral estoppel binds only parties to the prior suit. *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008). Brown cannot use collateral estoppel against the defendants here because they were not parties to the prior suit and therefore lacked a "full and fair opportunity" to litigate Brown's state citizenship. *Carter v. Comm'r*, 746 F.3d 318, 321 (7th Cir. 2014) (citation omitted). And in any case, the issue here is not identical to *Brown v. Gartner*. "Jurisdiction depends on citizenship at the time a case begins." *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). A finding that Brown was a citizen of Illinois in September 2020 is not dispositive of her citizenship a month earlier. Even if she did not physically leave Illinois between the two dates, she may have developed an intent to remain after filing this suit in August but before filing the other in September.

Brown next argues that the judge abused her discretion by ordering jurisdictional discovery, issuing discovery orders that Brown disagreed with, and imposing the sanction of dismissal. We disagree. The first argument is frivolous. We specified in our remand order that the appellees were free to seek reasonable discovery to establish the district court's subject-matter jurisdiction. As for the substance of the judge's orders, district judges have broad discretion over discovery matters, including the appropriate

scope of discovery. *Beathard v. Lyons*, 129 F.4th 1027, 1036 (7th Cir. 2025). The interrogatories served on Brown elicited information bearing on her state citizenship at the relevant time and were not overbroad or burdensome. It was hardly an abuse of discretion to order Brown to respond to these reasonable requests.

When a judge sanctions a party for failing to comply with discovery orders, we review the choice of sanction for abuse of discretion and overturn it only if "no reasonable person would agree" that the sanction was appropriate. *Pable v. Chicago Transit Auth.*, 145 F.4th 712, 719–20 (7th Cir. 2025) (citation omitted). Dismissal is a severe sanction, and judges should consider "the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). Brown suggests that a judge must find "bad faith" to dismiss a suit as a discovery sanction, but we have held that dismissal may also be appropriate for "willfulness" or "fault." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011).

Here, Brown failed to meet two discovery deadlines without requesting an extension of time. When Brown submitted comprehensive objections instead of responses before the first deadline, the judge explained that her objections did not excuse her from her obligation to respond to the interrogatories. *See* FED. R. CIV. P. 37(d)(2). The judge warned Brown that she would not get any more time after the second deadline, but she still did not respond. Rule 37 of the Federal Rules of Civil Procedure treats incomplete and evasive interrogatory responses as no response at all and authorizes a range of sanctions, including dismissal, for failure to comply with discovery orders. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775–76 (7th Cir. 2016). Brown also refused to provide any explanation of why she had not responded to the interrogatories before the final deadline. Brown's refusal to account for missing multiple deadlines was enough to find "fault" for purposes of sanctions. *See e360 Insight, Inc.*, 658 F.3d at 642–43.

Brown's refusal to answer relatively simple interrogatories necessary to assess subject-matter jurisdiction also limited the judge's choice of sanctions. For example, the judge could not have sanctioned Brown by assuming that subject-matter jurisdiction existed based on an adverse inference. *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670 (7th Cir. 2001); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). And sanctioning Brown by staying the proceedings or holding her

No. 25-1220                                                                          Page 5

in contempt would have needlessly prolonged proceedings. Under these circumstances, we discern no abuse of discretion in the judge's choice of sanction.

Brown also challenges the judge's original dismissal of her complaint for failure to state a claim. But because the judge did not abuse her discretion when she dismissed the case as a discovery sanction, and because neither we nor the district judge can assess subject-matter jurisdiction without the jurisdictional discovery that Brown refused to provide, we cannot reach the merits of her complaint. *See Craig*, 543 F.3d at 876–77.

AFFIRMED