BC

FILED
4/15/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AW

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Jean Brown<br>Plaintiff | \| | |
| | \| | Case: 1:20-cv-04893 |
| vs. | \| | |
| Michelle Montgomery, et al<br>Defendants | \| | |

**NOTICE OF FILING**

TAKE NOTICE, that on April 13, 2026, Plaintiff filed documents in the United States Supreme Court including the attached:

(1) Petition for a Writ of Certiorari, and,

(2) Appendix to Petition for a Writ of Certiorari

Dated: April 15, 2026

Respectfully submitted,

/s/ Kimberly Jean Brown
Kimberly Jean Brown
1026 E. 46th St, Unit 2E, Chicago, IL 60653
773-673-0324
Kim@PrivacyGladiators.com

**CERTIFICATE OF SERVICE**

I certify that on April 15, 2026, I filed this Notice via Northern District of Illinois Pro Se Filer Dropbox, which will file this Notice on CMECF and effect service on all counsel/parties of record.

/s/ Kimberly Jean Brown

IN THE SUPREME COURT OF THE UNITED STATES

No. ____________________

KIMBERLY JEAN BROWN,
Petitioner,

v.

MICHELLE MONTGOMERY,

JAMES D. MONTGOMERY & ASSOCIATES, LTD.,

ERIKA WILLIAMS,

JP MORGAN CHASE BANK, N.A,

LILA GOLDSTON,
Respondents.

On Petition for a Writ of Certiorari
to the United States Court of Appeals
for the Seventh Circuit: No. 25-1220

PETITION FOR A WRIT OF CERTIORARI

Counsel of Record (pro se)
Kimberly Jean Brown, JD
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

April 12, 2026

## I. QUESTIONS PRESENTED

1. Whether a federal district court may impose a dismissal with prejudice as a sanction for noncompliance with jurisdictional discovery before determining that it has subject-matter jurisdiction under 28 U.S.C. § 1332, consistent with the jurisdiction-first principle that federal courts must confirm their adjudicatory power before issuing a merits-preclusive termination. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998)

2. Whether the collateral-sanctions doctrine recognized in Willy v. Coastal Corp., 503 U.S. 131 (1992) and Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) extends to authorize a with-prejudice dismissal entered before the court determines its subject-matter jurisdiction, where the sanction operates as a litigation-ending, claim-preclusive judgment.

3. Whether a litigation-ending sanction for failure to comply with jurisdictional discovery must be (i) just and specifically related to the jurisdictional facts the discovery was designed to test, and, (ii) supported by findings commensurate with dismissal and a reasoned explanation why

lesser, compliance-securing measures would be ineffective. Insurance Corp. of Ireland Ltd.v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982); Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197 (1958)

## II. LIST OF PARTIES

Petitioner Kimberly Jean Brown was plaintiff in the district court and appellant in the court of appeals.

Respondents are Michelle Montgomery; James D. Montgomery & Associates, Ltd.; Erika Williams; JPMorgan Chase Bank, N.A.; and Lila Goldston.



1

## III. Table of Contents

I. QUESTIONS PRESENTED....2

II. LIST OF PARTIES....3

III. TABLE OF CONTENTS....4

IV. INDEX OF APPENDICES....6

V. AUTHORITIES....7

VI. RELATED PROCEEDINGS....8

1. Brown v. Montgomery, et al., No. 1:20-cv-04893 (N.D. Ill.)....8

2. Brown v. Montgomery, et al., No. 24-2328 (7th Cir.)....8

3. Brown v. Montgomery, et al., No. 25-1220 (7th Cir.)....8

VII. JURISDICTION....8

VIII. OPINIONS BELOW....8

IX. CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED....9

X. STATEMENT OF THE CASE....9

1. The case, the post-judgment jurisdiction dispute, and the limited remand....9

2. Jurisdictional discovery was ordered, but jurisdiction was never adjudicated....10

3. The district court imposed a litigation-ending sanction without adjudicating jurisdiction or making findings commensurate with dismissal....11

4. The Seventh Circuit affirmed a merits-preclusive sanction without a jurisdiction ruling....11

XI. REASONS FOR GRANTING THE PETITION....12

1. This case cleanly presents whether a federal court may impose a merits-preclusive termination before determining subject-matter jurisdiction....12

2. The Seventh Circuit's approach extends collateral-sanctions doctrine beyond the rationale of this Court's decisions.............................................14

3. The decision below conflicts with the limits this Court imposed on jurisdiction-related discovery sanctions.......................................................15

4. This Court's jurisprudence requires calibrated findings and proportionality before imposing dismissal with prejudice...........................17

5. The decision below has systemic consequences for diversity cases and for litigants attempting to cure defective jurisdictional allegations............18

XII. CONCLUSION...........................................................................................18



1

## IV. INDEX OF APPENDICES

APPENDIX A: Seventh Circuit (25-1220), Nonprecedential Disposition, ECF 44 (Dec. 18, 2025).

APPENDIX B. Seventh Circuit (25-1220), Final Judgment, ECF 45 (Dec. 18, 2025).

APPENDIX C: Seventh Circuit (25-1220), Order denying rehearing ECF 48 (Jan. 13, 2026).

APPENDIX D: Seventh Circuit (24-2328), Order remanding for jurisdictional determination ECF 10 (Sept 9, 2024).

APPENDIX E: N.D.IL, Aug. 23, 2024, Order indicating inclination to dismiss for lack of jurisdiction, ECF 141.

APPENDIX F: N.D.IL, Jan. 23, 2025, Minute entry dismissing case with prejudice as sanction, ECF 167.

APPENDIX G: N.D.IL, Jan. 23, 2025, Civil Judgment, ECF 168.

APPENDIX H: N.D.IL, Oct. 16, 2024, hearing transcript, ECF 174-1.

APPENDIX I: N.D.IL, Oct. 16, 2024, Jurisdictional discovery ordered (later reissued), ECF 145.

APPENDIX J: N.D.IL, Nov. 26, 2024, Hearing transcript, ECF 174-2.

APPENDIX K: N.D.IL, Nov. 26, 2024, Jurisdictional discovery order re-issued, ECF 158.

APPENDIX L: N.D.IL, Jan. 23, 2025, Hearing transcript, ECF 174-4.



1

## V. AUTHORITIES


| **Cases** | Page |
|---|---|
| • Brown v. Gartner, No. 23-1780 (7th Cir. 2023) | 9 |
| • Chambers v. NASCO, Inc., 501 U.S. 32 (1991) | 17 |
| • Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) | 2, 14 |
| •Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982). | 3, 15,16 |
| • National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (per curiam). | 17 |
| • Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980) | 17 |
| • Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197 (1958) | 3, 17 |
| • Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998) | 2, 13 |
| • Willy v. Coastal Corp., 503 U.S. 131 (1992) | 2, 14 |

**Statutes and Rules**

• 28 U.S.C. § 1332

• 28 U.S.C. § 1653

• 28 U.S.C. § 1254(1)

## VI. RELATED PROCEEDINGS

1. Brown v. Montgomery, et al., No. 1:20-cv-04893 (N.D. Ill.).
2. Brown v. Montgomery, et al., No. 24-2328 (7th Cir.)
3. Brown v. Montgomery, et al., No. 25-1220 (7th Cir.).

## VII. JURISDICTION

The United States Court of Appeals for the Seventh Circuit entered judgment on December 18, 2025 (App. A, B), and denied rehearing and rehearing en banc on January 13, 2026 (App. C.) This Court has jurisdiction under 28 U.S.C. § 1254(1).

## VIII. OPINIONS BELOW

The Seventh Circuit (24-2328)[1] returned the matter to the district court on limited remand (App. D.) to resolve subject matter jurisdiction (App. E) on September 9, 2024. On remand, the district court dismissed the case with prejudice as a jurisdictional discovery sanction in an unpublished decision on January 23, 2025. (App. F, G.)

[1] Following the district court's January 23, 2025 ruling, a new appeal case, No. 25-1220, was opened inadvertently and did not continue on existing appeal, No. 24-2328.



1

The Seventh Circuit (25-1220), affirmed the dismissal on December 18, 2025 in a nonprecedential ruling. (App. A, B.) Rehearing and rehearing en banc were denied on January 13, 2026 (App. C.).

## IX. CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

This case involves 28 U.S.C. § 1332 and 28 U.S.C. § 1653.

## X. STATEMENT OF THE CASE

### 1. The case, the post-judgment jurisdiction dispute, and the limited remand

This action began as a state-law tort suit filed in federal court under 28 U.S.C. § 1332. The district court dismissed the operative complaint with prejudice on the pleadings.

While appeal No. 24-2328 was pending, Petitioner raised a subject-matter jurisdiction objection based on an intervening jurisdictional determination in an unrelated federal action involving Petitioner's citizenship.[2]

[2] The district court in an unrelated matter determined Petitioner was an Illinois citizen and the Seventh Circuit affirmed that decision. (7th Cir., Brown v. Gartner, 23-1780.) Petitioner filed the complaints for that matter and this matter in N.D.IL twelve days apart, both were based on diversity jurisdiction.



1

The district court indicated that, if the Seventh Circuit remanded, the district court would be inclined to vacate the merits judgment and dismiss for lack of subject-matter jurisdiction. (App. E.) The Seventh Circuit remanded the case so the district court could address the jurisdictional issue. (App. D.)

### 2. Jurisdictional discovery was ordered, but jurisdiction was never adjudicated

On remand, during a court conference on October 16, 2024, the district court ordered jurisdictional discovery to determine Petitioner's citizenship on the date the suit was filed. (App. H, I.) At a November 26, 2024 status conference, the district court vacated the initial jurisdictional discovery schedule and reissued a revised schedule requiring Petitioner to serve jurisdictional interrogatory responses as January 10, 2025. (App. J, K.)

Petitioner sought to retain an attorney due to the breadth of the interrogatories[3] and she did not serve the interrogatory responses by the January 10, 2025 deadline. Petitioner requested an extension of the

[3] Petitioner, a transactional attorney, was unclear how to respond to expansive interrogatories which sought multiple years of information.

deadline from Respondents. Respondents did not agree to the extension and filed a "second" [4] motion to compel and for sanctions.

### 3. The district court imposed a litigation-ending sanction without adjudicating jurisdiction or making findings commensurate with dismissal

On January 23, 2025, during the motion to compel hearing, the district court dismissed the action with prejudice as a sanction. (App. F, G; transcript, App. L) The district court's order provided, "[t]he Court hereby dismisses this case with prejudice as a sanction for Plaintiff Kimberly Jean Brown's failure to abide by the Court–ordered deadlines." [5] (App. F.)

In its dismissal order, the district court (i) did not make an express finding of willfullness or bad faith; (ii) did not set forth why intermediate sanctions were unavailable; and, (iii) did not determine whether it possessed subject-matter jurisdiction.

### 4. The Seventh Circuit affirmed a merits-preclusive sanction without a jurisdiction ruling

The Seventh Circuit affirmed, holding that a district court may order jurisdictional discovery and impose sanctions for noncompliance even if

---

[4] The first motion to compel was directed at the vacated Oct. 16, 2024 discovery schedule. (App. I.)

[5] The order did not set forth which deadline was missed in addition to Jan. 10, 2025.

the court later determines it lacks subject-matter jurisdiction. (App. A at 3.) The Seventh Circuit affirmed dismissal with prejudice under an abuse-of-discretion standard, emphasizing that Petitioner missed "two discovery deadlines" that incomplete responses can be treated as no response, and that fault suffices. (App. A at 4–5.)

The Seventh Circuit also determined that lesser sanctions were not practical because the district court could not deem jurisdiction established through adverse inference and other sanctions would prolong proceedings. (App. A at 5.)

Finally, the Seventh Circuit declined to reach the underlying merits dismissal because neither it nor the district court could assess subject-matter jurisdiction without Petitioner's discovery. (App. A at 5.)

## XI. REASONS FOR GRANTING THE PETITION

### 1. This case cleanly presents whether a federal court may impose a merits-preclusive termination before determining subject-matter jurisdiction

This Petition presents a recurring and dispositive sequencing question: whether a federal court, before it confirms subject-matter



1

jurisdiction, may enter the most severe litigation sanction—dismissal with prejudice—based on noncompliance with jurisdictional discovery.

This case is an unusually clean vehicle:

- The court of appeals remanded for the express purpose of addressing jurisdiction.
- The district court did not decide jurisdiction.
- The district court instead terminated the case with prejudice as a sanction.
- The court of appeals affirmed while declining to reach both jurisdiction and merits.

The sanction in this matter did not merely regulate litigation conduct; it operated as a merits-preclusive termination without a jurisdictional determination. That is not consistent with Steel Co. which holds that federal courts must confirm jurisdiction before issuing a merits-preclusive termination. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).

Review is warranted to clarify under what circumstances a federal court can issue a merits-preclusive termination as a sanction without first making a jurisdictional determination.



1

### 2. The Seventh Circuit's approach extends collateral-sanctions doctrine beyond the rationale of this Court's decisions

This Court has recognized that certain sanctions may be imposed even if a court later lacks subject-matter jurisdiction because those sanctions are collateral to the merits and are directed to litigation conduct. See Willy v. Coastal Corp., 503 U.S. 131 (1992); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).

But a dismissal with prejudice is not a collateral sanction. It is the functional equivalent of a final adjudication with claim-preclusive effect. Collateral-sanctions doctrine covers sanctions that police litigation misconduct without converting the jurisdictional inquiry into a mechanism for extinguishing the underlying claim.

A with-prejudice dismissal does the opposite and therefore raises a materially different constitutional and systemic concern than the sanctions approved in Willy and Cooter & Gell.

The decision below therefore calls for clarification of the boundary between:

- collateral sanctions that regulate litigation conduct, and
- merits-preclusive terminations that require the court first to confirm jurisdiction.



1

### 3. The decision below conflicts with the limits this Court imposed on jurisdiction-related discovery sanctions

This Court has approved jurisdiction-related discovery sanctions in the jurisdictional context, but it has articulated a limiting principle: the sanction must be just and specifically related to the jurisdictional facts the discovery was designed to test. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982).

The decision below is difficult to reconcile with that limitation in two respects.

First, the jurisdictional discovery and resulting sanction were not meaningfully cabined to what was reasonably necessary to determine Petitioner's citizenship at the time this action commenced. A separate federal action filed within days of this matter involved the same plaintiff and generated an overlapping factual record concerning citizenship. That separate action's treatment of Petitioner's citizenship underscored the need to tailor the jurisdictional inquiry in this case to what was reasonably necessary to decide citizenship at filing. Allowing a broad, multi-year inquiry into Petitioner, and then using noncompliance with that expansive discovery as the predicate for a with-prejudice termination, risks untethering the sanction from the jurisdictional facts the discovery was designed to test.



1

Second, the Seventh Circuit's rationale makes the inability to "tailor" a jurisdictional sanction a reason to impose the harshest, non-tailored sanction. The Seventh Circuit reasoned that lesser sanctions were impractical because a district court cannot deem subject-matter jurisdiction established through adverse inferences or other sanction-based shortcuts. But that premise does not support converting jurisdictional discovery into a mechanism for a merits-preclusive disposition entered before jurisdiction is decided.

To the contrary, where jurisdiction remains unresolved and discovery noncompliance obstructs the jurisdictional determination, the governing limitation in Insurance Corp. points toward measures that remain tethered to the jurisdictional inquiry and to compliance, rather than a sanction that terminates the litigation with claim-preclusive effect. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982).

Review is warranted to clarify how the "just" and "specifically related" limitations apply when the sanction selected is a with-prejudice dismissal imposed before the court has determined whether it possesses subject-matter jurisdiction.



1

### 4. This Court's jurisprudence requires calibrated findings and proportionality before imposing dismissal with prejudice

Dismissal with prejudice is the harshest sanction. This Court has recognized that such sanctions may be appropriate in egregious circumstances. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (per curiam).

At the same time, this Court has emphasized that severe sanctions implicate due process and require careful exercise supported by appropriate findings. Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980); Chambers v. NASCO, Inc., 501 U.S. 32 (1991). And, terminating sanctions are not appropriate where noncompliance is due to inability rather than willfulness, bad faith, or fault. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197 (1958).

The Court should grant review to clarify whether dismissal with prejudice can be "just" without:

- express findings and reasoning commensurate with a merits-preclusive dismissal;
- a reasoned explanation as to why lesser, compliance-securing measures would be ineffective; or
- a jurisdiction determination.



1

### 5. The decision below has systemic consequences for diversity cases and for litigants attempting to cure defective jurisdictional allegations

This case asks whether federal courts may use jurisdictional discovery as a gateway to a claim-preclusive, merits-ending sanction, rather than as a tool to determine jurisdiction. Diversity jurisdiction turns on citizenship at filing. When jurisdiction is genuinely uncertain, parties and courts may appropriately use jurisdictional discovery to resolve it. Congress permits amendment of defective jurisdictional allegations. 28 U.S.C. § 1653.

But if noncompliance in that limited inquiry permits the court to enter a with-prejudice dismissal before it decides whether it has the power to adjudicate the dispute at all, the jurisdictional inquiry becomes a device for merits-preclusive disposition. That dynamic risks chilling efforts to correct jurisdictional defects and undermines the integrity of jurisdictional limits.

## XII. CONCLUSION

The petition for a writ of certiorari should be granted.

Respectfully submitted,
/s/ Kimberly Jean Brown

Kimberly Jean Brown, J.D.
Petitioner, pro se

**IN THE SUPREME COURT OF THE UNITED STATES**

No. ________________

KIMBERLY JEAN BROWN,
Petitioner,

v.

MICHELLE MONTGOMERY,

JAMES D. MONTGOMERY & ASSOCIATES, LTD.,

ERIKA WILLIAMS,

JP MORGAN CHASE BANK, N.A,

LILA GOLDSTON,
Respondents.

## CERTIFICATE OF WORD COUNT

Pursuant to Rule 33.1(h) of the Rules of this Court, I certify that the accompanying Petition for Writ of Certiorari, which was prepared using Century Schoolbook 13-point typeface, contains 2678 words. This certificate was prepared in reliance on the word-count function of the word-processing system used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kimberly Jean Brown



Kimberly Jean Brown
Petitioner, pro se
1026 E 46th St, Unit 2E, Chicago, IL 60653
Kim@PrivacyGladiators.com
773-673-0324
Date: April 12, 2026

1

**IN THE SUPREME COURT OF THE UNITED STATES**

**No. ____________________**

KIMBERLY JEAN BROWN,
Petitioner,

v.

MICHELLE MONTGOMERY,

JAMES D. MONTGOMERY & ASSOCIATES, LTD.,

ERIKA WILLIAMS,

JP MORGAN CHASE BANK, N.A,

LILA GOLDSTON,
Respondents.

On Petition for a Writ of Certiorari
to the United States Court of Appeals
for the Seventh Circuit: No. 25-1220

**APPENDIX**

Counsel of Record (pro se)
Kimberly Jean Brown, JD
1026 E. 46th St., Unit 2E
Chicago, IL 60653
(773) 673-0324
Kim@PrivacyGladiators.com

Date: April 12, 2026

# Appendix Item A

Seventh Circuit (25-1220)

Non-precedential Disposition, ECF 44 (Dec. 18, 2025)

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 11, 2025*
Decided December 18, 2025

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 25-1220

KIMBERLY JEAN BROWN,
*Plaintiff-Appellant*,

*v.*

MICHELLE MONTGOMERY, et al.,
*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 1:20-cv-04893

Sara L. Ellis,
*Judge*.

## O R D E R

After her business failed, Kimberly Brown sued several parties she blamed for its failure asserting various state-law tort claims in federal court. When the district judge ordered jurisdictional discovery to determine whether the court had subject-matter

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

jurisdiction, *see* 28 U.S.C. § 1332, Brown refused to comply. The judge dismissed her claims with prejudice as a litigation sanction. We affirm.

Brown is an attorney licensed in Illinois who sought to build an estate-planning company. In August 2020, Brown sued a number of her business associates and some of their employers for various state-law torts relating to her business's failure and alleged defamation. In her complaint, Brown asserted that she was a citizen of North Carolina and that all defendants were citizens of either Illinois or California. Because of the litigants' alleged complete diversity, the district judge believed that the court had subject-matter jurisdiction under § 1332. The judge reviewed the case on the merits and granted the defendants' motions to dismiss for failure to state a claim. *See* FED. R. CIV. P. 12(b)(6).

Brown appealed, but while the appeal was pending, she filed a motion to vacate the judgment for lack of subject-matter jurisdiction. She explained that in an unrelated case, a different district judge determined that as of September 2020, she was a citizen of Illinois. We affirmed the judgment in that case while the defendants' motion to dismiss in this case was pending. *Brown v. Gartner*, No. 23-1780, 2023 WL 8827633 (7th Cir. Dec. 21, 2023). We then remanded this case to permit the judge to determine whether the court had subject-matter jurisdiction when she dismissed Brown's complaint on the merits. *Brown v. Montgomery*, No. 24-2328 (7th Cir. Oct. 2, 2024) (order remanding for discovery).

The judge set a discovery schedule, including a date by which Brown was required to respond to the defendants' interrogatories, which sought information regarding where she lived, owned property, and was registered to vote at the time she filed this suit. Brown responded to the interrogatories with objections and refused to provide the relevant information. The defendants filed a motion to compel, and the judge scheduled a case conference. At the conference, the judge explained to Brown that she must respond to the interrogatories and could not merely object. The judge extended the deadline but warned Brown that she would not get any more time to respond.

Brown again failed to respond to the interrogatories. Seven days after the deadline passed, the defendants filed another motion to compel, and the judge held another case conference. Brown explained that she had contacted the defendants four days after the deadline to set a meeting at which she planned to request more time to provide her responses but that the defendants did not agree to meet with her. Brown would not explain why she failed to either respond to the interrogatories or request an

extension by the deadline. The judge sanctioned Brown for failing to comply with discovery orders by dismissing her claims with prejudice.

Brown contends that the judge erred by imposing discovery sanctions without subject-matter jurisdiction. We disagree. Federal judges have jurisdiction to determine their own jurisdiction. *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024). Jurisdictional discovery is an essential exercise of that jurisdiction. *See, e.g.*, *Craig v. Ontario Corp.*, 543 F.3d 872, 876–77 (7th Cir. 2008). And even when judges ultimately conclude that they do not have subject-matter jurisdiction over a case, they maintain authority to sanction parties for their conduct during jurisdictional discovery. *Am. Nat'l Bank & Tr. Co. of Chi. v. Equitable Life Assurance Soc'y of the U.S.*, 406 F.3d 867, 881 (7th Cir. 2005). The judge had jurisdiction to order jurisdictional discovery and to sanction Brown for refusing to comply.

Brown also asserts that the judge erred by ordering discovery because under principles of collateral estoppel, our decision in *Brown v. Gartner* required the judge to conclude that Brown was a citizen of Illinois, so the court lacked subject-matter jurisdiction. Collateral estoppel prevents parties from relitigating identical issues that were "actually and necessarily determined" in a prior suit. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Our Country Home Enters., Inc. v. Comm'r*, 855 F.3d 773, 782 (7th Cir. 2017). But, save for exceptions not present here, collateral estoppel binds only parties to the prior suit. *Taylor v. Sturgell*, 553 U.S. 880, 892–95 (2008). Brown cannot use collateral estoppel against the defendants here because they were not parties to the prior suit and therefore lacked a "full and fair opportunity" to litigate Brown's state citizenship. *Carter v. Comm'r*, 746 F.3d 318, 321 (7th Cir. 2014) (citation omitted). And in any case, the issue here is not identical to *Brown v. Gartner*. "Jurisdiction depends on citizenship at the time a case begins." *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). A finding that Brown was a citizen of Illinois in September 2020 is not dispositive of her citizenship a month earlier. Even if she did not physically leave Illinois between the two dates, she may have developed an intent to remain after filing this suit in August but before filing the other in September.

Brown next argues that the judge abused her discretion by ordering jurisdictional discovery, issuing discovery orders that Brown disagreed with, and imposing the sanction of dismissal. We disagree. The first argument is frivolous. We specified in our remand order that the appellees were free to seek reasonable discovery to establish the district court's subject-matter jurisdiction. As for the substance of the judge's orders, district judges have broad discretion over discovery matters, including the appropriate

scope of discovery. *Beathard v. Lyons*, 129 F.4th 1027, 1036 (7th Cir. 2025). The interrogatories served on Brown elicited information bearing on her state citizenship at the relevant time and were not overbroad or burdensome. It was hardly an abuse of discretion to order Brown to respond to these reasonable requests.

When a judge sanctions a party for failing to comply with discovery orders, we review the choice of sanction for abuse of discretion and overturn it only if "no reasonable person would agree" that the sanction was appropriate. *Pable v. Chicago Transit Auth.*, 145 F.4th 712, 719–20 (7th Cir. 2025) (citation omitted). Dismissal is a severe sanction, and judges should consider "the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). Brown suggests that a judge must find "bad faith" to dismiss a suit as a discovery sanction, but we have held that dismissal may also be appropriate for "willfulness" or "fault." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011).

Here, Brown failed to meet two discovery deadlines without requesting an extension of time. When Brown submitted comprehensive objections instead of responses before the first deadline, the judge explained that her objections did not excuse her from her obligation to respond to the interrogatories. *See* FED. R. CIV. P. 37(d)(2). The judge warned Brown that she would not get any more time after the second deadline, but she still did not respond. Rule 37 of the Federal Rules of Civil Procedure treats incomplete and evasive interrogatory responses as no response at all and authorizes a range of sanctions, including dismissal, for failure to comply with discovery orders. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775–76 (7th Cir. 2016). Brown also refused to provide any explanation of why she had not responded to the interrogatories before the final deadline. Brown's refusal to account for missing multiple deadlines was enough to find "fault" for purposes of sanctions. *See e360 Insight, Inc.*, 658 F.3d at 642–43.

Brown's refusal to answer relatively simple interrogatories necessary to assess subject-matter jurisdiction also limited the judge's choice of sanctions. For example, the judge could not have sanctioned Brown by assuming that subject-matter jurisdiction existed based on an adverse inference. *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670 (7th Cir. 2001); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). And sanctioning Brown by staying the proceedings or holding her

in contempt would have needlessly prolonged proceedings. Under these circumstances, we discern no abuse of discretion in the judge's choice of sanction.

Brown also challenges the judge's original dismissal of her complaint for failure to state a claim. But because the judge did not abuse her discretion when she dismissed the case as a discovery sanction, and because neither we nor the district judge can assess subject-matter jurisdiction without the jurisdictional discovery that Brown refused to provide, we cannot reach the merits of her complaint. *See Craig*, 543 F.3d at 876–77.

AFFIRMED

# Appendix Item B

Seventh Circuit (25-1220)

Final Judgment, ECF 45 (Dec. 18, 2025)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

December 18, 2025

Before
FRANK H. EASTERBROOK, *Circuit Judge*
DIANE S. SYKES, *Circuit Judge*
MICHAEL Y. SCUDDER, *Circuit Judge*

| | |
|---|---|
| No. 25-1220 | KIMBERLY JEAN BROWN,<br>Plaintiff - Appellant<br><br>v.<br><br>MICHELLE MONTGOMERY, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 1:20-cv-04893<br>Northern District of Illinois, Eastern Division<br>District Judge Sara L. Ellis | |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

Clerk of Court

form name: **c7_FinalJudgment** (form ID: **132**)

# Appendix Item C

Seventh Circuit (25-1220)

Order denying rehearing ECF 48 (Jan. 13, 2026)

# United States Court of Appeals

**for the Seventh Circuit**
**Chicago, Illinois 60604**

January 13, 2026

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 25-1220

KIMBERLY JEAN BROWN,
*Plaintiff-Appellant*,

*v.*

MICHELLE MONTGOMERY, et al.,
*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 20-cv-04893

Sara L. Ellis,
*Judge*.

**O R D E R**

On consideration of the petition for rehearing and for rehearing en banc, no judge in active service requested a vote on the petition for rehearing en banc,[1] and the judges on the original panel voted to deny rehearing. It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED.

---

[1] Circuit Judges Amy J. St. Eve, Thomas L. Kirsch II, Nancy L. Maldonado, and Rebecca Taibleson did not participate in the consideration of this petition for rehearing.

# Appendix Item D

Seventh Circuit (24-2328)

Order remanding for jurisdictional determination

ECF 10 (Sept 9, 2024)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

September 9, 2024

*By the Court:*

| | |
|---|---|
| No. 24-2328 | KIMBERLY J. BROWN,<br>Plaintiff - Appellant<br><br>v.<br><br>MICHELLE MONTGOMERY, et al.,<br>Defendants - Appellees |
| **Originating Case Information:** | |
| District Court No: 1:20-cv-04893<br>Northern District of Illinois, Eastern Division<br>District Judge Nancy L. Maldonado | |

The following are before the court:

1. **MOTION CHALLENGING SUBJECT MATTER JURISDICTION**, filed on August 30, 2024, by the pro se appellant.

2. **APPELLEES' REQUEST FOR EXTENSION OF TIME TO RESPOND TO APPELLANT'S MOTION CHALLENGING SUBJECT MATTER JURISDICTION**, filed on September 5, 2024, by counsel for the appellees.

**IT IS ORDERED** that briefing is **SUSPENDED** pending resolution of appellant's motion challenging subject matter jurisdiction, which this court construes as a request for remand under Rule 12.1(b) of the Federal Rules of Appellate Procedure.

**IT IS FURTHER ORDERED** that appellees' motion for extension of time is **GRANTED** to the extent that appellees shall file a response to appellant's motion on or before September 23, 2024.

12

# Appendix Item E

N.D.IL, Aug. 23, 2024,

Order indicating inclination to dismiss

for lack of jurisdiction, ECF 141

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Kimberly Jean Brown

Plaintiff,

v.

Case No.: 1:20−cv−04893
Honorable Sara L. Ellis

Michelle Montgomery, et al.

Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 23, 2024:

MINUTE entry before the Honorable Sara L. Ellis: The Court denies Plaintiff's motion to set aside judgment pursuant to Rule 60(b) [130]. The Court further denies Plaintiff's motion to vacate judgment based on lack of jurisdiction [136]. Plaintiff learned of court decisions regarding whether subject matter jurisdiction is appropriate in March and December of 2023. It is too late to raise this issue now, given that she has filed a notice of appeal of the court's prior order of dismissal which strips this Court of jurisdiction. Nevertheless, the Court would be inclined to vacate the judgment and dismiss this case for lack of subject matter jurisdiction should the Seventh Circuit remand this case back to the Court for it to do so. The Court, however, would continue to object to allowing Plaintiff to amend her complaint further and would simply dismiss this case for lack of subject matter jurisdiction after which, Plaintiff could file her complaint in state court. The Court grants Plaintiff's motion for leave to access CM/ECF as a pro se litigant [137]. Mailed notice(rj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# Appendix Item F

N.D.IL,  Jan. 23, 2025,

Minute entry dismissing case with prejudice

as sanction, ECF 167

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.2)**
**Eastern Division**

Kimberly Jean Brown
Plaintiff,
v.
Michelle Montgomery, et al.
Defendant.

Case No.: 1:20–cv–04893
Honorable Sara L. Ellis

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, January 23, 2025:

MINUTE entry before the Honorable Sara L. Ellis: Telephone conference held on 1/23/2025. The Parties appeared on Defendants' second motion to compel responses to jurisdictional discovery and for discovery sanctions [164]. The Court hereby dismisses this case with prejudice as a sanction for Plaintiff Kimberly Jean Brown's failure to abide by the Court–ordered deadlines. All pending dates and/or motions are terminated as moot. Civil case terminated. Emailed notice(rj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# Appendix Item G

N.D.IL, Jan. 23, 2025,

Civil Judgment, ECF 168

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Kimberly Jean Brown,<br><br>Plaintiff(s),<br><br>v.<br><br>Michelle Montgomery, Erika Williams, Lila Goldston, JP Morgan Chase Co, James D. Montgomery & Associates, Ltd.,<br><br>Defendant(s). | Case No. 20-cv-4893<br>Judge Sara L. Ellis |

**JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $ ,

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐ in favor of defendant(s)
and against plaintiff(s)

.

Defendant(s) shall recover costs from plaintiff(s).

---

☒ other: The Court hereby dismisses this case with prejudice as a sanction for Plaintiff Kimberly Jean Brown's failure to abide by the court-ordered deadlines.

---

This action was *(check one)*:

☐ tried by a jury with Judge presiding, and the jury has rendered a verdict.
☐ tried by Judge without a jury and the above decision was reached.
☒ decided by Judge Sara L. Ellis.

18

Date: 1/23/2025

Thomas G. Bruton, Clerk of Court

Rhonda Johnson, Deputy Clerk

# Appendix Item H

N.D.IL, Oct. 16, 2024,

Hearing transcript, ECF 174-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, Plaintiff, | ) | No. 20 C 4893 |
| vs. | ) | Chicago, Illinois |
| MICHELLE MONTGOMERY, et al., Defendants. | ) | October 16, 2024 9:30 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SARA L. ELLIS

APPEARANCES:

For the Montgomery Defendants: KAPLAN & GOURNIS, P.C.
BY: MR. CHRISTOPHER S. WUNDER
180 North LaSalle Street, Suite 2108,
Chicago, Illinois 60601

For Defendants JP Morgan Chase and Erika Williams: RILEY, SAFER, HOLMES & CANCILA LLP,
BY: MR. LUCAS T. RAEL
One South Dearborn Street, Suite 2200,
Chicago, Illinois 60603

For Defendant Lila Goldston: LEE PULLIAM & ASSOCIATES
BY: MR. LEE PULLIAM
77 South Birch Road, Suite 9C,
Ft. Lauderdale, Florida 60601

PATRICK J. MULLEN
Official Court Reporter
219 South Dearborn Street, Room 1412
Chicago, Illinois 60604
(312) 435-5565

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION



EXHIBIT 1

(Telephonic proceedings on the record.)

THE CLERK: 2020 CV 4893, Brown versus Montgomery.

MR. RAEL: Good morning, Your Honor. This is Lucas Rael on behalf of defendants Erica Williams and JPMorgan Chase.

MR. PULLIAM: Good morning, Your Honor. This is Lee Pulliam on behalf of defendant Lila Goldston.

MR. WUNDER: Good morning, Judge. Chris Wunder for the Montgomery defendants.

THE COURT: All right. Then do I have Ms. Brown on the line?

(No response.)

THE COURT: Okay. I think it might make sense to have the defendants' brief the motion to vacate based on subject matter jurisdiction, so when would defendants want to get their response on file?

MR. WUNDER: Judge, this is Chris Wunder for the Montgomery defendants. I believe that the defendants are going to need full jurisdictional discovery before we can respond to the motion to vacate the judgment.

THE COURT: Well, what --

MR. WUNDER: So the -- oh, I'm sorry. Go ahead.

THE COURT: So she -- if I understand it correctly, she's saying when she filed this case she believed that she was a citizen of North Carolina. Then she filed the

subsequent case three weeks later, and in that case the court found that she wasn't a citizen of North Carolina but, instead, a citizen of Illinois, which defeated diversity. Then she's saying nothing changed between when she filed this case and when she filed that case. So if she was wrong in believing that she was a citizen of North Carolina, she was just simply wrong.

Now I'll tell you what concerns me about this case in particular is the fact that she was aware of the judgment in that case and the finding in that case quite awhile ago and never moved in this case to correct anyone's assumption about jurisdiction and brought this up after she filed a notice of appeal in the Seventh Circuit.

So I'm not exactly sure what the defendants would envision jurisdictional discovery to entail, and obviously, you know, she's not necessarily -- it gets a little complicated, but not necessarily entitled to rely on the decision of the other court because the parties are different but in essence, though, the issue is the same.

Where I am concerned is, as I said, the waiting and the gamesmanship, but that doesn't necessarily relate to whether or not I have jurisdiction. That would relate to whether sanctions are appropriate here, but it has no real bearing on jurisdiction. Either I have it or I don't.

So what would the defendants envision in terms of

jurisdictional discovery?

MR. WUNDER: And, Judge, just to be clear, this is Chris Wunder again. We do share your concerns with the gamesmanship that we believe the plaintiff has engaged in here. I've never heard of a plaintiff losing their case and then saying: Well, I didn't really lose because you lacked jurisdiction over me, so let's go to state court four years after I filed this case.

I believe that the request for full jurisdictional discovery would just be to test the veracity of Ms. Brown's allegations that she was a citizen of Illinois when she filed this case and that nothing changed, you know, between the time that she filed this case and when she filed the subsequent case.

We would envision, you know, a set of interrogatories and certainly a deposition of Ms. Brown to kind of really, you know, kind of nail down her citizenship, her beliefs for her citizenship at the time that she filed the claim. There's just a lot of conflicting representations from Ms. Brown about being a citizen of North Carolina through the prior iterations of this complaint, and so it is very concerning to us. Again, you know, this kind of goes back to your concern, Judge, you know, with what I'll call the gamesmanship of this.

So the request for jurisdictional discovery is just kind of, you know, a way to, you know, kind of just explore

these issues with the plaintiff. Then, you know, depending on what that jurisdictional discovery reveals and then also your ruling on this motion, we would, you know, or we may be seeking sanctions as well. So it's just kind of a way to get our arms around all the issues and the facts and circumstances regarding Ms. Brown's assertions in her motion to vacate, Judge.

THE COURT: All right.

MR. RAEL: And, Judge, this is --

THE COURT: Go ahead.

MR. RAEL: Excuse me, Your Honor. This is Lucas Rael on behalf of Chase and defendant Williams. We agree. We agree with what Mr. Wonder was saying, that the jurisdictional discovery here really gets to where this plaintiff was not just present but intending to reside on August 20th.

From looking at the Gardner decision, it seems like this plaintiff was homeless and living in an RV and living on the road and had come back to Illinois, at least based off of her representations in the Gardner case, temporarily to help her family and intended to return to North Carolina.

So I agree that interrogatories and a deposition is what we need here to be able to explore and understand what her intention was as of the key date in this case, which is August 20th, 2020, before the Gardner case, and I also agree on the concerns about the gamesmanship here and sitting on

this jurisdictional potential defect.

THE COURT: Yes.

MR. RAEL: One other thing, Judge, I wanted to note for the Court is that my two clients in this case, Ms. Williams and JPMorgan Chase, neither of them are Illinois residents or Illinois citizens. So one thing I at least wanted to put on the Court's radar is that my clients may be seeking -- if Illinois is, in fact, the citizenship of the plaintiff here, we may be seeking to sever the claims against my clients because we would have complete diversity if that were the case. We may not get there because we may determine that this plaintiff is from North Carolina, but that's just something I wanted to just put on the Court's radar from our perspective, too.

THE COURT: Well, I appreciate that. All right. So since it seems somewhat limited in terms of the scope of jurisdictional discovery and I would like to get this moving, how about I have the jurisdictional discovery close November 29th? Does that work for folks? So that would give you, you know, about six weeks.

MR. WUNDER: That's fine for me, Judge. My only concern is that if we get out interrogatories, you know, say next week and we don't get them on a timely basis returned to us we're going to be asking for an extension.

THE COURT: Yes. Come on in if you're not getting

anything back.

MR. WUNDER: Okay.

THE COURT: And I will say for this purpose that the plaintiff has -- and, Ms. Johnson, we can put this in the minute order -- the plaintiff has 21 days to respond to the interrogatories from when they are received. Then I'm going to set the briefing schedule. So how about then if the defendants' responses would be due, well, how about December 20th?

MR. WUNDER: That's fine for the Montgomery defendants, Judge.

MR. RAEL: And that's fine from my perspective for Williams and Chase.

MR. PULLIAM: I concur with respect to Ms. Goldston, Your Honor.

THE COURT: All right. Then I'll have her reply due January 10th, 2025, and I will set this for March 5th, 2025, at 9:30 for ruling on the motion. If you want to file a motion for sanctions, you should do that on the 20th as well. So your motion will be due December 20th, and her response is due by January 10th. Then your reply, could you get it to me by January 17th?

MR. WUNDER: For the Montgomery defendants, yes, Judge.

MR. PULLIAM: Yes, for the Goldston defendant.

THE COURT: Okay. And how about for the Chase defendants?

MR. RAEL: Oh, apologies, Your Honor. My microphone seemed to have given out for a moment. The 17th works for us, Chase and Montgomery -- or Chase and Williams. Excuse me.

THE COURT: Okay. Then I'll rule on both motions, if there is a motion for sanctions, on March 5th. All right? Thank you.

MR. RAEL: Thank you, Judge. Have a good day.

MR. PULLIAM: Thank you, Judge.

MR. WUNDER: Thank you, Judge.

THE COURT: You're welcome.

(Proceedings concluded.)

C E R T I F I C A T E

I, Patrick J. Mullen, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable SARA L. ELLIS, one of the judges of said Court, at Chicago, Illinois, on October 16, 2024.

*/s/ Patrick J. Mullen*
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division

# Appendix Item I

N.D.IL, Oct. 16, 2024,

Jurisdictional discovery ordered (later reissued)

ECF 145

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.1)**
**Eastern Division**

Kimberly Jean Brown
Plaintiff,
v.
Michelle Montgomery, et al.
Defendant.

Case No.: 1:20−cv−04893
Honorable Sara L. Ellis

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, October 16, 2024:

MINUTE entry before the Honorable Sara L. Ellis: Telephone conference held on 10/16/2024. Plaintiff did not appear for status hearing. Jurisdictional discovery closes on 11/29/2024 and Plaintiff has 21 days to respond to interrogatories by 11/6/2024. Briefing schedule on Plaintiff's motion [144]: Defendants' response is due by 12/20/2024; and Plaintiff's reply is due by 1/10/2025. Briefing schedule on motion for sanctions: Defendants' motion is due by 12/20/2024; Plaintiff's response is due by 1/10/2025; and Defendants' reply is due by 1/17/2025. Next status date set for 3/5/2025 at 9:30 AM for ruling on Plaintiff's motion and Defendants' motion for sanctions. Emailed notice(rj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# Appendix Item J

N.D.IL, Nov. 26, 2024,

Hearing transcript, ECF 174-2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | No. 20 C 4893 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Chicago, Illinois |
| | ) | |
| MICHELLE MONTGOMERY, et al., | ) | |
| | ) | November 26, 2024 |
| Defendants. | ) | 9:45 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SARA L. ELLIS

APPEARANCES:

For the Plaintiff: MS. KIMBERLY JEAN BROWN, Pro Se

For the Montgomery Defendants: KAPLAN & GOURNIS, P.C.
BY: MR. CHRISTOPHER S. WUNDER
180 North LaSalle Street, Suite 2108,
Chicago, Illinois 60601

For Defendants JP Morgan Chase and Erika Williams: RILEY, SAFER, HOLMES & CANCILA LLP,
BY: MR. LUCAS T. RAEL
One South Dearborn Street, Suite 2200,
Chicago, Illinois 60603

For Defendant Lila Goldston: LEE PULLIAM & ASSOCIATES
BY: MR. LEE PULLIAM
77 South Birch Road, Suite 9C,
Ft. Lauderdale, Florida 60601

PATRICK J. MULLEN
Official Court Reporter
219 South Dearborn Street, Room 1412
Chicago, Illinois 60604
(312) 435-5565

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION



EXHIBIT 2

(Telephonic proceedings on the record.)

THE CLERK: 2020 CV 4893, Brown versus Montgomery.

THE PLAINTIFF: Good morning, Your Honor. This is Kimberly Brown, pro se plaintiff.

MR. RAEL: Good morning, Your Honor. Lucas Rael on behalf of JPMorgan Chase and Erika Williams.

MR. WUNDER: Good morning, Judge. Chris Wunder for the Montgomery defendants.

MR. PULLIAM: Good morning, Your Honor. Lee Pulliam on behalf of Lila Goldston, defendant.

THE COURT: All right. Good --

THE PLAINTIFF: Your Honor, this --

THE COURT: Good morning. All right. So what we need to do, as the Seventh Circuit asked us to do, is determine the issue of subject matter jurisdiction and essentially figure out whether there was diversity jurisdiction at the time that Ms. Brown filed this case, then if there was along the way any point where she should have alerted the parties and the Court to the fact that jurisdiction did not exist and whether sanctions should be appropriate. That's what we need to do.

So the parties do need to engage in discovery to figure out what's going on. What I can tell so far is that it appears that Ms. Brown has not responded to the discovery that the defendants have sent. So, Ms. Brown, when can you respond

to that discovery?

THE PLAINTIFF: Your Honor, I actually have responded. They're saying that my responses were not sufficient, so I did respond. In my motions that -- I believe that there are three motions from me and one from them that we're right now reviewing. One of my motions, the first one, of course --

THE COURT: So, Ms. Brown, I want to just cut to the chase --

THE PLAINTIFF: Yes.

THE COURT: -- and get this moving and get it resolved. So have you answered all the discovery that was sent to you?

THE PLAINTIFF: I did with my objections. So I did respond, and I included my objections. So right now I think we're trying to determine whether discovery is reasonable, their requests are reasonable. So I did respond already.

THE COURT: All right. Sorry. My computer is a little bit slow.

(Brief pause.)

THE PLAINTIFF: So, Your Honor, to be --

THE COURT: Ms. Brown, I'm still looking at this. All right. So in looking at what you responded in these objections, you need to respond to them and not simply object.

THE PLAINTIFF: Your Honor, I did respond. I

provided the information that they asked for. The question, though, is what is the scope of discovery. So there's a binding precedent already out there that ruled me to be an Illinois citizen. They're saying between the 12-day period between when I filed the complaint for this matter and the complaint for -- when I filed the complaint for the separate matter that the Seventh Circuit Court of Appeals has already ruled on, something happened during that 12-day period in which I became a citizen of Illinois.

The scope that they have in their interrogatories, though, covers a two-year period that was already reviewed by the other case. So the district court ruled on --

THE COURT: Well, that doesn't really matter, right? So the issue is that when you filed this case you claimed to be a resident of North Carolina, and then in the subsequent case it was determined that you were a resident of Illinois. That subsequent case was filed shortly after this one, and the defendants are entitled to know were you a resident of North Carolina when you filed this case or were you really a resident of Illinois. If you were a resident of Illinois and claimed to be a resident of North Carolina and there is no diversity jurisdiction, sanctions may be appropriate.

The thing is, you know, you can't have it both ways. You can't say that I lack --

THE PLAINTIFF: Your Honor, I --

THE COURT: -- that I lack jurisdiction, that I lack subject matter jurisdiction because there's no diversity and that I should remand this case back to state court or send it to state court, or that I do have jurisdiction and the orders that were previously entered should stand. So they are entitled to this discovery.

THE PLAINTIFF: Your Honor, I think that there's a very important part that we're skipping over here. On each of the filings that I made prior to retaining counsel, I included my Illinois address on them. So every single filing from the complaint, which was August, all the way through January -- so what's that, five months -- the filings all had my Illinois address on them. So the other case --

THE COURT: So then, Ms. Brown, you cannot expect the defendants to read your mind --

THE PLAINTIFF: I --

THE COURT: -- and say in spite of the fact -- well, I'm going back to the complaint.

THE PLAINTIFF: Excuse me, Your Honor. We're not saying that.

THE COURT: Hold on.

THE PLAINTIFF: I'm not saying --

THE COURT: Hold on. I'm going to go back to the complaint. In your complaint, on page 1 of the complaint it lists an Illinois address and says "mailing address only."

THE PLAINTIFF: Correct.

THE COURT: On page 4 of the complaint under "jurisdiction" it says:

"This court has jurisdiction of this matter under 28 U.S.C. section 1332, diversity of citizenship."

At paragraph 4 it says:

"The plaintiff, Kimberly Jeanne Brown, is a citizen of the state of North Carolina."

They are entitled to --

THE PLAINTIFF: Correct.

THE COURT: They are entitled to determine whether that statement at the time you made it in a complaint filed in this court was true or not true. If it was not true, then they may be entitled to sanctions, so I need you to --

THE PLAINTIFF: Your Honor, can I interject?

THE COURT: One last time, then I'm ruling because I've got other cases to deal with.

THE PLAINTIFF: Well, first of all, I would love to have the order certified for this so that I can go ahead and appeal this because I think that we're missing the issue here. The jurisdictional issue, the jurisdictional matter for diversity jurisdiction is that defendants and plaintiff and the Court all have the duty to address jurisdictional issues when they become -- when they're raised.

THE COURT: Right.

THE PLAINTIFF: I had an attorney for three years. I had an attorney for three years.

THE COURT: But you -- Ms. Brown, you are an attorney.

THE PLAINTIFF: Correct, Your Honor. I am a transactional attorney. I don't do litigation, which is very clear from all of the filings that I've filed. I've done everything incorrectly.

THE COURT: Ms. Brown, you are an attorney, and you know.

THE PLAINTIFF: Your Honor, I was a citizen of North Carolina. I have never changed my position.

THE COURT: So --

THE PLAINTIFF: I was a --

THE COURT: So my point --

THE PLAINTIFF: I was a citizen of --

THE COURT: My point is, Ms. Brown, that the subsequent case, when you were the plaintiff in that case, when there was a finding that there was no diversity jurisdiction because you were a citizen of Illinois at the time of the filing of the case, it didn't come to this Court's attention or the defendants' attention until months afterwards.

THE PLAINTIFF: I cannot speak to my former --

THE COURT: Until months afterwards.

THE PLAINTIFF: I can't speak to my former attorney's --

THE COURT: Ms. Brown, it didn't come to our attention, and it certainly didn't come to mine until months afterwards.

THE PLAINTIFF: Your Honor, can I ask --

THE COURT: So I --

THE PLAINTIFF: I have three motions pending. One is for limited discovery on the defendants. It is my position that the defendants knew of that case and that they chose not to raise the jurisdictional issue simply because they wanted the case to be dismissed. They didn't want to address --

THE COURT: Ms. Brown --

THE PLAINTIFF: There was three months of overlap.

THE COURT: Ms. Brown, it is your responsibility, and you knew based on that ruling that this case didn't belong here.

THE PLAINTIFF: I did not know, Your Honor. I am not a litigator. My attorney had to explain it to me. I've been out of law school for 30 years.

THE COURT: So, Ms. Brown --

THE PLAINTIFF: I didn't understand what subject matter jurisdiction was. It's been 30 years.

THE COURT: Ms Brown --

THE PLAINTIFF: I am so far removed --

THE COURT: Ms. Brown, I need you to stop shouting, and I need you to fully answer the interrogatories that were posed. What is the --

THE PLAINTIFF: May I submit discovery on defendants?

THE COURT: What is the defendants' position on the responses? What more do you need?

THE PLAINTIFF: I need some discovery to be served.

THE COURT: Ms. Brown, that wasn't directed at you.

THE PLAINTIFF: Oh, I'm sorry.

THE COURT: I just asked the defendants what more do they need.

MR. RAEL: Thank you, Your Honor. This is Lucas Rael on behalf of JPMorgan and Erika Williams. I think what we need, Your Honor, is responses to the interrogatories we posed because, as we noted in our motion and as the Court stated now, the plaintiff didn't respond meaningfully to any of them. Then we also are interested in deposing the plaintiff to assess her citizenship at the time she filed the case.

THE COURT: All right. So I need the parties to agree on a date. Why don't we pick a date in early January for the deposition.

THE PLAINTIFF: Your Honor, is there -- can we address the three motions that I have on the table, one being the fact that the discovery order was --

THE COURT: Ms. Brown, Ms. Brown --

THE PLAINTIFF: Yes, ma'am.

THE COURT: -- I am working through the motions that have been filed in front of me in the order that I'm deeming appropriate and efficient, and I'd really appreciate it if you would stop interrupting me and let me get through these motions and deal with them and rule on them. You don't have to agree with what I'm doing or the way in which I'm doing it, but I do need you to stop interrupting me so that I can get this done.

THE PLAINTIFF: Yes, Your Honor.

THE COURT: So I need you to respond to the outstanding interrogatories by December 20th.

THE PLAINTIFF: Your Honor, I will not be able to respond by then.

THE COURT: Why not?

THE PLAINTIFF: I have other matters that I have to address before that, so it would be January before I could respond.

THE COURT: If I give you until January, Ms. Brown, I'm not giving you further extensions and I need full responses. So you'll have until January 10th to respond.

THE PLAINTIFF: And, again, I do want to have the order certified on this.

THE COURT: What date in the week of January 20th do the parties want for Ms. Brown's deposition?

MR. RAEL: Your Honor, this is Lucas Rael. I'm available any day the week of the 20th, whatever time works for the other defendants and for the plaintiff.

MR. PULLIAM: This is Lee Pulliam for --

MR. WUNDER: This is Chris Wunder for the Montgomery -- oh, sorry, Lee. Go ahead.

MR. PULLIAM: This is Lee Pulliam on behalf of Lila Montgomery. If it's during the week of the 20th, I would prefer, because I'll be out of the country until the latter part of January, somewhere after January 26th, Your Honor.

THE COURT: All right. I'll set it for --

MR. WUNDER: And, Judge -- oh, sorry.

THE COURT: I'll set it for January 31st. Does that date work for everybody?

MR. PULLIAM: Lee Pulliam. That works for me, Your Honor.

MR. RAEL: That works for Mr. Lucas Rael.

MR. WUNDER: And, Judge, Chris Wunder for the Montgomery defendants. That also works for me.

THE COURT: Ms. Brown?

THE PLAINTIFF: Your Honor, I will be challenging this. I will be filing an appeal on this issue, so I can't say one way or the other whether that works for me right now. We can put it down for January 31st, but I will be appealing this.

THE COURT: Well, I'm going to set it for January 31st at 10:00 a.m. All right.

MR. RAEL: Your Honor, apologies for interrupting. This Lucas Rael. For that deposition, my preference would be for it to be an in-person deposition.

THE COURT: All right.

THE PLAINTIFF: I will not do an in-person.

THE COURT: Yes.

THE PLAINTIFF: I will not do an in-person.

THE COURT: It's ordered to be an in-person, Ms. Brown.

THE PLAINTIFF: Okay, ma'am. Your Honor, I do not do in-person meetings, so I will be filing an ADA issue -- ADA request on that.

THE COURT: Ms. Brown --

THE PLAINTIFF: That's fine. That's fine. I'll appeal this as well. It will not be an in-person meeting. It won't be.

THE COURT: Ms. Brown --

THE PLAINTIFF: It just will not be. I will file an ADA action on this.

THE COURT: Ms. Brown, I am ordering --

THE PLAINTIFF: So that's fine, Your Honor. That's fine.

THE COURT: -- the deposition to occur in person.

THE PLAINTIFF: It will not. I will file an ADA on that, so you can put it in the order. It just won't be in person. It will be virtual, and I've already addressed that with them as well. I don't do in-person meetings. I only do virtual, so it will be -- well, I will be challenging this.

THE COURT: You're free to challenge whatever you want, Ms. Brown, but before me I have nothing here that justifies a deposition occurring virtually.

THE PLAINTIFF: But we haven't submitted anything about it. So, I mean, you're saying you don't have anything in front of you, but we haven't even addressed this issue before. So why would it -- there would not be anything in front of you about that. So I will submit something to you about that. We had previously agreed to a deposition that was going to be virtual, and now they're saying they want it to be live.

So, you know, it doesn't seem like I'm being heard at all. So we can put whatever in the order, but it won't be a live one. Yeah, it won't be a live one. I will be doing an ADA request on that.

THE COURT: All right. So as to docket 150, the motion is granted as stated on the record. Then the plaintiff's motion at 148 to vacate the discovery order --

THE PLAINTIFF: Yes, Your Honor.

THE COURT: Ms. Brown, I'm not asking for your input

at this point.

THE PLAINTIFF: Oh, okay.

THE COURT: When I want your input, I will ask you for it.

All right. So with that motion and plaintiff's motion at 152, which is plaintiff's motion to alter judgment, which is actually plaintiff's motion for limited discovery --

THE PLAINTIFF: Yes, Your Honor, I don't --

THE COURT: Again, Ms. Brown --

THE PLAINTIFF: Sorry.

THE COURT: -- when I want your input, I will ask you a question and get your input.

So, Ms. Johnson, at docket 148, I will grant the motion in part in that the mandate has now been issued as of October 24th, and I am setting the new jurisdictional discovery close date, which is that the jurisdictional discovery will close on February 7th. Plaintiff is to fully respond to the interrogatories by January 10th, sit for her deposition by January 31st, and jurisdictional discovery closes February 7th.

I am revising the briefing schedule. So for plaintiff's motion at docket 144 which is to vacate the judgment based on lack of subject matter jurisdiction, the defendants' responses then will be due by February 21st, and plaintiff's reply is due by February 28th.

Then defendants' motions for sanctions will be due by February 21st, plaintiff's response will be due by March 7th, and defendants' replies by March 14th. Then I'll set a ruling date of -- strike the ruling date of March 5th and set a ruling date of April 23rd at 9:30 on both motions.

All right. Then as to docket 152 which is plaintiff's motion for limited discovery, I am going to deny the motion. There doesn't need to be discovery on defendants' states of citizenship.

THE PLAINTIFF: Well, Your Honor, am I going to -- do I get to argue my motions at all here? So we just went through all three of my motions without me being able to speak and you denying them. Am I being given an opportunity to --

THE COURT: Ms. Brown, I did not deny that first motion to vacate.

THE PLAINTIFF: But you --

THE COURT: I granted that and revised --

THE PLAINTIFF: No, Your Honor.

THE COURT: -- and I revised the discovery schedule.

THE PLAINTIFF: Your Honor, I didn't have -- I was not at the conference. I was not at the conference where you all decided that discovery was necessary. I wasn't there in that entire meeting. A motion was presented verbally that set no parameters whatsoever, and I didn't have input whatsoever on that first meeting because it was -- the meeting was held

before the mandate was issued and I didn't know about the meeting until afterwards.

THE COURT: Ms. Brown, Ms. Brown, first of all, that was set on the docket. You get notice of what's on the docket.

THE PLAINTIFF: I did not receive notice, Your Honor. That's what I've put in the motion, but you're not letting me argue the motion.

THE COURT: It's email notice. You're here today, clearly, so you got notice.

THE PLAINTIFF: I filed my own motions, Your Honor, also. I mean, this is -- sorry. I would like to argue my motions, if possible.

THE COURT: Go ahead, Ms. Brown. Go ahead and argue your motions. Go ahead.

THE PLAINTIFF: Thank you. So for the motion to vacate the order, that is --

THE COURT: Which was granted, which was granted, by the way, but go ahead.

THE PLAINTIFF: You just granted the motion.

THE COURT: Would you like me to deny the motion?

THE PLAINTIFF: You granted the motion. It doesn't make a difference either way, Your Honor, because what you did is you granted the motion and then you just pushed the dates back. So you did not give me an opportunity to argue whether

discovery was even warranted --

THE COURT: Because I have --

THE PLAINTIFF: -- and whether the mandate --

THE COURT: Ms. Brown, because I have actually read what was filed on both sides and made a decision.

THE PLAINTIFF: But you held the meeting before the mandate issued, so there was no jurisdiction. You didn't have jurisdiction to even issue the order --

THE COURT: I have it now.

THE PLAINTIFF: -- if the mandate --

THE COURT: I have it now.

THE PLAINTIFF: So you issued the order before you had jurisdiction without me present on a verbal motion, and you didn't give me due process. You didn't give me any type of briefing schedule.

THE COURT: Ms. Brown --

THE PLAINTIFF: You didn't allow me any opportunity to --

THE COURT: Ms. Brown, I have jurisdiction now.

THE PLAINTIFF: But not at the meeting when all this was set.

THE COURT: So I am deciding, I am deciding based on everything that has been filed that limited jurisdictional discovery is appropriate, that the defendants are entitled to it, and I have set a schedule.

THE PLAINTIFF: But you did not allow me to conduct discovery on the defendants. In my limited -- in my motion asking for limited discovery, I noted that two of the defendants, I questioned whether they were Illinois citizens at the time. I stated also in my limited -- my request for limited discovery to conduct the same discovery on them that they're conducting on me, the exact same. I said we could come to common --

THE COURT: And I am deciding, Ms. Brown -- and I read what you filed -- that it's not appropriate.

THE PLAINTIFF: To find out whether they were citizens of the same state or not? Isn't that what diversity jurisdiction is based on, the state of citizenship? It's not relevant to find out whether they actually are citizens of Illinois?

THE COURT: So --

THE PLAINTIFF: I think that's extremely relevant to the diversity jurisdiction question.

THE COURT: -- what is relevant is whether you were a citizen of North Carolina or whether you were a citizen of Illinois. If you were a citizen of Illinois --

THE PLAINTIFF: Diversity jurisdiction, right?

THE COURT: -- that destroys diversity jurisdiction.

THE PLAINTIFF: Not if the other defendants were not citizens of Illinois, Your Honor. So if I were a citizen of

Illinois but they weren't --

THE COURT: And the basis for this --

THE PLAINTIFF: Of why I believe that they were not? So for Lila, the address that she lists is not the address that I know her to have lived at. I know that the person or one of the individuals, I believe that she has now moved to New York and had moved to New York in 2018. I believe that the address that is being used is actually a Chicago address of her business rather than her home address, and that's why I believe I need to have or I need to conduct discovery on her as well as for Ms. Williams.

Ms. Williams is -- I need to determine whether she was an Illinois resident in 2020 as well. I can't get that information, and I've been denied at every step to find out if they are actually residents of Illinois or if they're residents of a different state.

THE COURT: Well, that's what --

THE PLAINTIFF: As far as Ms. Montgomery goes --

THE COURT: Ms. Brown, that's what you claimed at the time of filing your complaint, so I'm going to deny the motion.

THE PLAINTIFF: Ma'am, I didn't.

THE COURT: I'm going to deny it.

THE PLAINTIFF: I did not claim it. Okay. Okay. Do I need to do anything special to have the order certified? Is

there anything I need to request or file to have the order certified, all of the orders certified, so for each of the motions, the four motions that were presented and denied?

THE COURT: Not that I'm aware of.

THE PLAINTIFF: Okay. So will that -- when it comes back, I will be able to use those to file an interlocutory appeal, I think is what it's called? Again, I'm not familiar with litigation. I'm transactional only. Will I be able to use that order then to file the interlocutory appeal?

THE COURT: You can file an interlocutory appeal. I'm not certain that the Seventh Circuit will accept it, but you're certainly free to file it.

THE PLAINTIFF: Okay. Thank you.

THE COURT: So we've set a ruling date. We've got briefing dates on both of the motions, on both of the motions. Is there anything else that I have missed?

THE PLAINTIFF: Yeah. I do again want to address the 11-day window. There's already been a ruling by the Seventh Circuit Court of Appeals that sets --

THE COURT: And I already ruled on that, Ms. Brown.

THE PLAINTIFF: Ma'am, I have not yet -- I haven't voiced my argument on it yet. So the 11 --

THE COURT: Ms. Brown, I've ruled. I've ruled you, and we're done.

THE PLAINTIFF: You asked me if there was anything.

You asked me if there was anything else that we have not covered, and I tried to respond. Then you cut me off, so I couldn't respond. So I haven't argued it.

THE COURT: I've read what was filed on both sides. If I needed additional argument, I'd ask for it.

THE PLAINTIFF: You just did, Your Honor. You just asked me.

THE COURT: No, that's not what I did.

THE PLAINTIFF: Okay.

THE COURT: Anything else from the defendants?

MR. RAEL: This is Lucas Rael. Nothing more from me.

MR. WUNDER: This is Chris Wunder for the Montgomery defendants. Nothing more from me, Judge.

THE COURT: All right. Then we will see everybody on the ruling date. Thanks.

MR. RAEL: Thanks, Your Honor.

MR. WUNDER: Thank you, Judge. Have a good day.

(Proceedings concluded.)

C E R T I F I C A T E

I, Patrick J. Mullen, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable SARA L. ELLIS, one of the judges of said Court, at Chicago, Illinois, on November 26, 2024.

*/s/ Patrick J. Mullen*
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division

# Appendix Item K

N.D.IL, Nov. 26, 2024,

Jurisdictional discovery order re-issued, ECF 158

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)**
**Eastern Division**

Kimberly Jean Brown

Plaintiff,

v.

Case No.: 1:20–cv–04893
Honorable Sara L. Ellis

Michelle Montgomery, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, November 26, 2024:

MINUTE entry before the Honorable Sara L. Ellis: Telephonic motion hearing held. Plaintiff's motion to vacate jurisdictional discovery order [148] is granted in part in that the mandate has now been issued as of October 24, 2024. Jurisdictional discovery ordered to close on 2/7/2025. Defendants' motion to compel responses to jurisdictional discovery from Plaintiff Kimberly Jean Brown [150] is granted as stated on the record. Plaintiff to fully respond to the outstanding interrogatories by 1/10/2025. Plaintiff's motion for limited discovery [152] is denied. Plaintiff ordered to sit for her in–person deposition by 1/31/2025 at 10:00 a.m. The Court revises the briefing schedule on Plaintiff's motion to vacate judgment based on lack of subject matter jurisdiction, 28 US.C.§ 1332 [144]: Defendants' responses are due by 2/21/2025; Plaintiff's reply is due by 2/28/2025. Defendants' motions for sanctions are due by 2/21/2025; Plaintiff9;s responses due by 3/7/2025; Defendants' replies are due by 3/14/2025. Ruling date set for 3/5/2025 is stricken and reset to 4/23/2025 at 9:30 a.m. on both motions. Emailed notice(rj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# Appendix Item L

N.D.IL, Jan. 23, 2025,

Hearing transcript, ECF 174-4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | No. 20 C 4893 |
| Plaintiff, | ) | |
| vs. | ) | Chicago, Illinois |
| MICHELLE MONTGOMERY, et al., | ) | January 23, 2025 |
| Defendants. | ) | 1:45 p.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE SARA L. ELLIS

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | MS. KIMBERLY JEAN BROWN, Pro Se |
| For Defendant Michelle Montgomery: | KAPLAN & GOURNIS, P.C. BY: MR. CHRISTOPHER S. WUNDER 180 North LaSalle Street, Suite 2108, Chicago, Illinois 60601 |
| For Defendants JP Morgan Chase and Erika Williams: | RILEY, SAFER, HOLMES & CANCILA LLP, BY: MR. LUCAS T. RAEL One South Dearborn Street, Suite 2200, Chicago, Illinois 60603 |
| For Defendant Lila Goldston: | LEE PULLIAM & ASSOCIATES BY: MR. LEE PULLIAM 77 South Birch Road, Suite 9C, Ft. Lauderdale, Florida 60601 |

CHARLES R. ZANDI
Official Court Reporter
219 South Dearborn Street, Room 1426
Chicago, Illinois 60604
(312) 435-5387

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION



EXHIBIT 4

(Telephonic proceedings on the record.)

THE CLERK: Case 2020 CV 4893, Brown versus Montgomery.

MS. BROWN: Good morning, your Honor. Kimberly Brown, *pro se*, plaintiff.

MR. RAEL: Good afternoon, your Honor. Lucas Rael on behalf of JP Morgan.

MR. WUNDER: Good afternoon, Judge. Chris Wunder for the Montgomery defendants.

MR. PULLIAM: Good afternoon, your Honor. Lee Pulliam on behalf of Lila Goldston, defendant.

THE COURT: All right. Anybody else? All right. Good afternoon.

Okay. So, Miss Brown, I am a little frustrated, I have to admit, in reading the motion filed by JP Morgan to compel your discovery responses. Why --

MS. BROWN: Am I permitted to --

THE COURT: Hold on. I haven't -- I have a question for you. And my question is: Why haven't you responded to discovery by the date that I set?

MS. BROWN: Your Honor, let me respond in a few different ways for that. The motion that was submitted says it was a second motion to compel. It's actually the first.

THE COURT: Okay. But your --

MS. BROWN: The discovery order became effective --

THE COURT: Miss Brown, I need --

MS. BROWN: Yes.

THE COURT: -- a direct answer to my question. So, whether this is the first, second, third, 10th motion to compel, I really don't care. What I want to know is: I set a date by which you needed to respond so that that would be done and we would get the deposition finished by the date that I set.

So, my question is: Why haven't you responded by the dates that I set?

MS. BROWN: So, your Honor, I am requesting leave to get an attorney because I don't feel that you're listening to what I have to say. I was going to actually address that, but I think that it's time for me to find another attorney.

You allowed my attorney to withdraw during a post-judgment motion period, and now I've been acting on my own. So, I would like leave to find an attorney.

THE COURT: Miss Brown, I'm asking you to answer my question directly. Right?

MS. BROWN: And I'm asking you for -- and I'm asking you for advice of counsel.

THE COURT: No. I'm asking you to answer my question directly. Right? And the answer --

MS. BROWN: Your Honor, I would like to file a motion to recuse yourself from this motion -- from this case, your

Honor, because I -- you allow my attorneys to withdraw. You're asking me questions when I'm saying I need to seek leave to obtain a counsel. And you're asking me question on top of that.

So, I actually responded -- the motion -- what I was going to say earlier, I responded on January 14th, January 15th, and January 17th to the defendants when they were asking to do a motion -- to do a meet-and-confer. And I told them any day, any time this week would work for a meet-and-confer.

THE COURT: So --

MS. BROWN: However, on the motion itself, there -- I don't want to talk over you because I don't want you to think that I'm being disrespectful.

The -- on the motion itself, there's a -- Mr. Rael signed an affidavit saying that the 37.2 rule was followed. I provided a time -- I said any day, any time this week, I could meet. And -- so, when he sent it on the 14th, I responded immediately. When he sent it on the 15th, I responded immediately. And then on the 17th, I said the same thing, any day, any time this week would work.

My response from him was, "No, that's too late." What I was going --

THE COURT: But, Miss Brown, I'm looking at the dates that I set, and you were to respond to the outstanding

jurisdictional discovery by January 10th. And when they didn't get anything from you by January 10th and contacted you on the 14th --

MS. BROWN: I responded immediately.

THE COURT: -- on the 14th --

MS. BROWN: I responded immediately.

THE COURT: I didn't finish.

When you were contacted on the 14th, the date by which you were ordered to provide the responses had passed. Right?

MS. BROWN: During a meet-and-confer, an extension can be given during a meet-and-confer, correct? And that's what I was going to ask during the meet-and-confer. However, they decided that they didn't want --

THE COURT: So, Miss Brown --

MS. BROWN: -- to do a meet-and-confer.

THE COURT: Miss Brown, do you agree with me as a lawyer that when a judge sets a schedule in an order, that that's a court order? Do you agree with me?

MS. BROWN: Yes.

THE COURT: Okay. And so, if it's a court order, who has the ability to change that order? The lawyers or the judge?

MS. BROWN: For a discovery order, according to Rule 37.2, the attorneys can change that as well. During the meet-and-confer --

THE COURT: Okay. So, Ms. Brown --

MS. BROWN: We can request extensions, and we can --

THE COURT: Miss Brown, I disagree with you, that when I set an order and when any judge sets an order, it is incumbent on the parties to abide by that order. And it would be one thing if I got a motion for an extension of time before January 10th. Then that's --

MS. BROWN: I can't do a motion, your Honor. I couldn't do an order.

THE COURT: Miss Brown --

MS. BROWN: I can't do an order. I have to do a meet-and-confer, right?

THE COURT: Miss Brown --

MS. BROWN: If I filed a motion for an --

THE COURT: Miss Brown --

MS. BROWN: Yes, ma'am.

THE COURT: There was nothing that stopped you before January 10th to say, "I can't meet this date."

MS. BROWN: 37.2 --

THE COURT: If you filed --

MS. BROWN: In my understanding of 37.2, it does.

THE COURT: Miss Brown, there was nothing to stop you from doing that. All you had to do --

MS. BROWN: Rule 37.2.

THE COURT: -- in order to comply with Rule 37.2 would

be to contact counsel for the defendants and say, "I cannot meet this timeline. I'm intending on filing a motion for an extension of time. Do you agree, and the motion can be filed unopposed, or do you disagree, and I will say that the motion is opposed?"

And nothing prevented you --

MS. BROWN: So, for that very reason, I need counsel. Your Honor, I didn't know to do that, your Honor.

THE COURT: Miss Brown, you're --

MS. BROWN: I am not a litigator. I did not know to do that.

THE COURT: You're an attorney, and you are quoting Rule 37.2 to me, back at me. And clearly, you can look at it and read the rule. And this is what you could have done, and you didn't. You simply --

MS. BROWN: I responded to the email, your Honor.

THE COURT: You simply --

MS. BROWN: I did what I thought --

THE COURT: Miss Brown --

MS. BROWN: Your Honor, I would like to -- for leave to file a motion to recuse yourself from this matter, your Honor.

THE COURT: Miss Brown --

MS. BROWN: I would like -- can we do a briefing schedule for that?

THE COURT: No, we cannot.

MS. BROWN: Okay. I -- okay. Your Honor, I need leave to seek counsel. I need leave to seek counsel.

THE COURT: So, what I want to do --

MS. BROWN: I need leave to seek counsel. I can't handle this call on my own, your Honor. I can't handle this one on my own. I need to get -- because obviously, I'm getting the rules wrong, and you're quoting back to me exactly how I should be handling it, when I am emailing counsel promptly the same day and responding to them. They didn't say --

THE COURT: It's not -- Miss Brown --

MS. BROWN: I responded the very following day.

THE COURT: Miss Brown, it is not --

MS. BROWN: I need help. You allowed my attorney to withdraw. I would like to seek counsel.

THE COURT: -- it is not their responsibility --

MS. BROWN: It's mine. I'd like to have counsel.

THE COURT: -- to sit you down to get you to comply --

MS. BROWN: The same day, your Honor, every time. 14th, 15th, and 17th.

THE COURT: Miss Brown, you did not file the responses that I ordered you to file --

MS. BROWN: Your Honor, I'd like to seek counsel. I'd like to seek counsel.

THE COURT: -- to file by January 10th.

MS. BROWN: I'd like to seek counsel, your Honor.

THE COURT: So, I am going to dismiss this case --

MS. BROWN: Bless you. Thank you.

THE COURT: -- as a sanction.

MS. BROWN: And you're going to sanction me for what, your Honor?

THE COURT: I am dismissing this case for failure to abide by the court-ordered dates that I set.

MS. BROWN: Of four days, your Honor? Okay. Well, that's fine. I'll just have to appeal, but thank God this is over. So you're saying we're done right now, right?

THE COURT: Yes.

MS. BROWN: I need counsel. But -- and actually, instead of -- I do want to voice a complaint -- I don't know if I need to or not, but I do want to have an objection to your ruling that it was four days after -- the very next business day after my -- my answers were due is when they contacted me; and I responded the same day, as well as the next day, and as well as two days later.

So, I was not evasive. I did not try to avoid doing what I needed to do. I said set a date, any time or date this week.

THE COURT: And so the record is clear --

MS. BROWN: That's going to matter.

THE COURT: So that the record is clear, the court

set a date of January 10th by which your responses were due. There was no motion filed for an extension of that date. To date, and it is January 23rd, 2025, your responses have not been received by the defendants, nor has a motion for extension of time --

MS. BROWN: Because he filed a motion. I can't --

THE COURT: -- nor has a motion --

MS. BROWN: Your Honor, you're telling me how I should do it; and I'm telling you I don't know, and I'm asking you for leave for an attorney.

THE COURT: Miss Brown, I've given you the opportunity to speak. It is now my turn to speak.

Nor has a motion for extension of time been filed prior to today's date. Therefore, because the plaintiff has not complied with the Court's order -- and I will note that the plaintiff is an attorney. She is proceeding *pro se*, but she is an attorney, licensed in Illinois.

MS. BROWN: I'm -- you allowed my attorney to withdraw.

THE COURT: Then I am dismissing this case as a sanction.

MS. BROWN: And what does that mean, your Honor? I don't --

THE COURT: Anything else that anybody else needs to bring up?

MR. WUNDER: Your Honor, on behalf of the Montgomery defendants, I do not have anything else to bring up. Thank you.

MS. BROWN: Your Honor, what does that mean --

MR. RAEL: Your Honor this is Lucas Rael on behalf of JP Morgan/Chase. One question regarding the dismissal. Is that a dismissal with prejudice?

THE COURT: It is.

MS. BROWN: Dismissal with prejudice? Really? Fine, your Honor.

MR. RAEL: Okay. Thank you, your Honor. That was all I had.

MS. BROWN: Your Honor --

THE COURT: All right. Thank you.

MS. BROWN: Thank you.

THE COURT: Thank you, everyone.

MS. BROWN: I do want to make sure that -- your Honor, may I still make a point on this?

THE COURT: No. Miss Johnson, please call the next case.

(Proceedings concluded at 2:05 p.m.)

* * * * *

I certify that the foregoing is a correct transcript, to the extent possible, of the record of proceedings in the above-entitled matter given the limitations of conducting proceedings via telephone.

*/s/ CHARLES R. ZANDI* *March 4, 2024*
CHARLES R. ZANDI, CSR, RPR, FCRR
Official Court Reporter